MATTER OF CASSISI

In DEPORTATION Proceedings

A-10202132

*Decided by Board January 15, 1963*

Recourse may not be had to the remarks of the State's Attorney to the court at the time of sentencing in order to determine whether or not the crime involves moral turpitude where respondent was convicted under a broad, divisible statute which enumerates several acts, the commission of which may or may not involve moral turpitude, and the record of conviction merely refers to the section of law involved.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Crime involving moral turpitude committed within five years—Sentenced to confinement a year or more—Encouraging abortion (Conn. 1959).

The case comes forward on appeal by the trial attorney from the order of the special inquiry officer dated September 26, 1962 ordering that the proceedings be terminated.

The record relates to a native and citizen of Italy, 27 years of old, male, who last entered the United States at the port of New York on December 1, 1955 when he was admitted for permanent residence. On April 14, 1959 he was convicted in the Superior Court, New Haven, Connecticut of the offense of Encouraging the Commission of Abortion in violation of section 53-31 of the General Statutes of Connecticut and was sentenced to confinement in jail for a period of one year, execution of sentence suspended, and placed on probation for 2 years.

The record of conviction discloses that the respondent was first charged with violation of section 53-29 of the General Statutes of Connecticut, "Attempt to Procure Miscarriage". He entered a plea of not guilty to that charge. Thereafter, the State's Attorney, with consent of the court, filed a substituted information charging the respondent with violation of section 53-31 of the General Statutes of Connecticut, "Encouraging Abortion". The substituted information merely states that on February 21, 1959 the respondent and another

person, Carmen Coscia, did violate section 53-31 of the General Statutes. There is no further description or specification of the acts committed. The respondent pleaded guilty to the substituted information on April 14, 1959.

The section of law under which the respondent was convicted, section 53-31 of the General Statutes of Connecticut, is entitled "Encouraging the Commission of Abortion" and provides:

Any person who, by publication, lecture or otherwise or by advertisement or by sale or circulation of any publication, encourages or prompts to the commission of the offenses described in sections 53-29 [Attempt to Procure Miscarriage] or 53-30 [Abortion or Miscarriage] who sells or advertises medicines or instruments or other devices for the commission of any of said offenses, except to a licensed physician or to a hospital approved by the State Department of Health, or who advertises any so-called monthly regulator for women, shall be fined not more than $500 or imprisoned for not more than one year or both.

It is noted that the section of law of which the respondent was convicted is a broad, divisible statute which enumerates several acts, the commission of which may or may not involve moral turpitude. The record of conviction, which includes the charge (information or indictment), plea, verdict and sentence, does not throw any light upon the nature of the crime committed inasmuch as the substituted information merely charged the commission of the crime by reference to the section of the law involved. The trial attorney urges that recourse may be had to the remarks of the State's Attorney to the court at the time of sentencing but we concur with the special inquiry officer that the established authority is to the contrary.[1]

We do not believe that the case of *Marinelli* v. *Ryan*[2] assists the Service. In that case, while the record before the criminal court did not contain a copy of the "information", the court remarked that the substance of the information appeared in the judgment of that court and from the counts specified in the judgment the court was able to determine that the crime involved moral turpitude. The appellate court found it unnecessary to reconsider what it had laid down in *United States ex rel. Zaffarano* v. *Corsi*, 63 F.2d 757; *i.e.*, that in reviewing an order of deportation, the court may not look beyond the indictment, the plea, the verdict and the sentence and, therefore, the question did not arise as to whether the evidence before the court that sentenced the alien might be examined to ascertain whether the sentence brought him within the deportation statute.

The special inquiry officer has noted that in the case of the co-defendant of this respondent, who was convicted of the same offense, the

[1] *Mylius* v. *Uhl*, 210 Fed. 860 (2d Cir., 1914); *United States ex rel. Robinson* v. *Day*, 51 F.2d 1022 (2d Cir., 1931); *United States ex rel. Zaffarano* v. *Corsi*, 63 F.2d 757 (2d Cir., 1933).

[2] 285 F.2d 474 (2d Cir., 1961).

proceedings were terminated upon a finding that upon the record the Service had failed to bear its burden of establishing that the respondent was deportable by evidence which was reasonable, substantial and probative.[3] We concur with the conclusion of the special inquiry officer in the instant case that from the record of conviction it is not possible to establish that the crime of which respondent was convicted necessarily involves moral turpitude. The special inquiry officer properly terminated the proceedings. The appeal of the trial attorney will be dismissed.

ORDER: It is ordered that the appeal by the trial attorney from the special inquiry officer's decision of September 26, 1962 terminating the proceedings be and the same is hereby dismissed.

---

[3] *Matter of C—*, A-10029078 (May 1, 1962).