MATTER OF MENA

In Deportation Proceedings

·A-34033024

*Decided by Board July 12, 1979*

Transcript from court proceedings which resulted in conviction for possession of con-
trolled substances under section 11350 of the California Health and Safety Code, and
at which the respondent, under questioning by judge as part of the arraignment prior
to acceptance of a guilty plea, admitted possession of heroin, with knowledge that the
substance was heroin, can be considered as part of the "record of conviction," and a
finding of deportability under section 241(a)(11) of the Immigration and Nationality
Act, 8 U.S.C. 1251(a)(11), can thus be based on it. *Matter of Paulus*, 11 I&N Dec. 274
(BIA 1965), and *Matter of Cassisi*, 10 I&N Dec. 136 (BIA 1963), distinguished.

CHARGE:
    Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of law relating
                    to illicit possession of a controlled substance, to wit, heroin,
                    in violation of section 11350 of the California Health and
                    Safety Code

ON BEHALF OF RESPONDENT:          ON BEHALF OF SERVICE:
    Pro se                                              Ingrid K. Hrycenko
                                                            Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The Immigration and Naturalization Service has appealed from a
decision of the immigration judge, dated October 17, 1977,[1] terminat-
ing deportation proceedings brought against the respondent. The ap-
peal will be sustained.

The respondent is a native and citizen of Mexico who was admitted
to the United States as an immigrant on December 11, 1972, when he
was 14 years old. On April 1, 1977, the respondent pleaded guilty to
unlawful possession of "controlled substances," in violation of section
11350 of the California Health and Safety Code. Based on this convic-
tion, an Order to Show Cause was issued against the respondent on

---

[1] The record file in this case was not received by the Board until February 15, 1979,
some 16 months after the immigration judge rendered his decision. We consider such a
delay in forwarding the record to be unacceptable.

September 6, 1977, charging him with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11). At a deportation hearing held on October 17, 1977, the respondent admitted the allegations in the Order to Show Cause, and conceded deportability. The immigration judge nevertheless terminated the deportation proceedings. The termination was based on his finding that the respondent's conviction record contained no reference to heroin, or to any other specific drug. The immigration judge therefore determined that the Service had failed to meet its burden of showing, by clear, convincing, and unequivocal evidence, that the respondent had been convicted of a violation of a law relating to narcotic drugs or marijuana.

The Service, in its brief on appeal, argues that the transcript from the court proceeding at which the respondent was convicted should be considered part of the "record of conviction." That transcript contains a colloquy between the judge and respondent at the latter's arraignment, wherein, before accepting a guilty plea, the judge asked the respondent what he had done that made him believe he was guilty of possession of a controlled substance, and the respondent answered that he had had in his pocket a balloon containing heroin, and that he had known it was heroin; if considered as part of the conviction record, this transcript would clearly support a finding of deportability under section 241(a)(11). As pointed out by the immigration judge in his decision, the "record of conviction" has generally been held to consist of the charge, the indictment, the plea, the verdict, and the sentence. *Hirsch* v. *INS*, 308 F.2d 562 (9 Cir. 1962); *Robinson* v. *Day*, 51 F.2d 1002 (2 Cir. 1931); *Matter of Paulus*, 11 I&N Dec. 274 (BIA 1965); *Matter of S—*, 4 I&N Dec. 509 (C.O. 1951; BIA 1952). However, we agree that reference can be made in this case to the court transcript dated April 1, 1977, and headed, "Proceedings on Entering a Plea of Guilty." At this proceeding, the respondent was fully and carefully advised of his rights, and of the consequences of a guilty plea (including probable loss of his immigrant status), prior to the judge's acceptance of that plea. We hold that this transcript is part of the record of conviction. As the transcript reveals beyond doubt that the "controlled substance" the respondent had in his possession was heroin, the 241(a)(11) charge of deportability has been proven by clear, convincing, and unequivocal evidence.

Two prior Board decisions, *Matter of Paulus*, *supra*, and *Matter of Cassisi*, 10 I&N Dec. 136 (BIA 1963), need to be distinguished from the present case. In *Paulus*, it was charged that the respondent, in violation of California law, "did offer unlawfully to sell and furnish a narcotic to a person and did then sell and deliver to such person a substance and material in lieu of such narcotic." The respondent was

39

convicted on this charge. We upheld the immigration judge's decision terminating deportation proceedings, on the ground that the record was silent as to what narcotic was involved, and it could have been a substance considered to be a narcotic under California law, but not under federal law. Giving the respondent the benefit of the doubt, the conviction was found *not* to be one relating to narcotic drugs for immigration purposes. In that case, however, there was no evidence to indicate precisely what narcotic was involved. In the present case, the respondent admitted, both at his arraignment and at his deportation hearing, that the drug he had possessed was heroin.

In *Cassisi, supra,* we held that recourse could not be had to the remarks made by the State's Attorney to the court at the time of sentencing in order to determine whether or not the crime for which the respondent had been convicted involved moral turpitude. The law under which the respondent was convicted was a broad, divisible statute enumerating several acts, which may or may not have involved moral turpitude. Our decision in the instant case is in no way contrary to that in *Cassisi.* The consideration of admissions freely made by the respondent himself is far different from the consideration of remarks made by a prosecutor.

The respondent is clearly deportable as an alien convicted of a law relating to narcotic drugs or marijuana. The Service's appeal will accordingly be sustained.

ORDER: The appeal is sustained, and the record is remanded to the immigration judge for further proceedings consistent with this opinion.