996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel MAGALLON-CERVANTES, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70630.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.
Decided June 18, 1993.
 
 MEMORANDUM**
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 Manuel Magallon-Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of Magallon-Cervantes's registry application due to his conviction for possession of a controlled substance. We have jurisdiction pursuant to 8 U.S.C. § 1105(a) and deny the petition for review.
 
 
 2
 * Background
 
 
 3
 On April 16, 1990, Magallon-Cervantes was issued an order to show cause why he should not be deported pursuant to section 241(a)(2) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(2), as an alien who entered the United States without inspection.
 
 
 4
 In response, Magallon-Cervantes conceded deportability, but sought to apply for registry pursuant to section 249(a) of the Act, 8 U.S.C. § 1259. Magallon-Cervantes also sought a waiver of excludability under section 212(h) of the Act for a California burglary conviction. At a subsequent hearing, the INS contended that Magallon-Cervantes was ineligible for registry because he had been convicted in Oregon for possession of a controlled substance, cocaine, which Magallon-Cervantes had failed to include on his application for registry. Magallon-Cervantes asked the IJ for a continuance to seek an expungement of the Oregon conviction. Counsel for Magallon-Cervantes also objected to the use of an FBI report to prove that the controlled substance was cocaine. The IJ continued the hearing and instructed the INS attorney to obtain the Oregon record of conviction. At a third hearing, the presiding IJ reviewed the record of conviction, including the indictment, which clearly indicated that the controlled substance was cocaine. Accordingly, the IJ found Magallon-Cervantes ineligible for registry because of the cocaine conviction.
 
 
 5
 On appeal to the BIA, the only issue which Magallon-Cervantes raised was his contention that the IJ had erred by admitting documents, including the indictment, which were not part of the record of conviction. The BIA found that the indictment and other documents were properly considered as part of the record of conviction and dismissed his appeal.
 
 II
 Analysis
 
 6
 As the BIA stated in its decision, "it is well established that the indictment is considered to be part of the record of conviction." See Matter of Mena, 17 I & N Dec. 38 at 39 (BIA 1979); Matter of Esfandiary, 16 I & N Dec. 659 at 661 (BIA 1979); see also Tejada-Mata v. INS, 626 F.2d 721, 724 (9th Cir.1980) (evidence in deportation hearing is admissible if it is probative and fundamentally fair), cert. denied, 456 U.S. 994 (1982). Accordingly, we find no merit in Magallon-Cervantes's contention that the information in the indictment cannot be used to determine the type of the controlled substance for which the judgment was obtained.
 
 
 7
 On petition to this court, Magallon-Cervantes also contends that the IJ should not have considered the Oregon conviction because it is subject to expungement and is equivalent to the Federal First Offender Act, 21 U.S.C. § 844. This contention, however, was never raised before the BIA. Accordingly, we have no jurisdiction to consider it. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) ("[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter").[1]
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if we were to consider this issue, it does not appear that Magallon-Cervantes's conviction actually was expunged, nor does it appear that expungement would have had any effect on his deportability. See Matter of Forstner, 18 I & N Dec 373 at 374-75; accord, Cruz-Martinez v. INS, 404 F.2d 1198, 1199 (9th Cir.1968), cert. denied, 394 U.S. 955 (1969)