**Mohammed Baher ELRAMLY,**
**Petitioner,**

v.

**IMMIGRATION & NATURALIZATION**
**SERVICE, Respondent.**

No. 93–70369.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1994.

Decided March 2, 1995.

Amended Dec. 29, 1995.

Rudy Aguirre, Alhambra, California, for petitioner.

Michele Y.F. Sarko, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for the respondent.

Before: CANBY, LEAVY and T.G. NELSON, Circuit Judges.

## ORDER

On the court's own motion the mandate is recalled.

The following amendment is made to the opinion filed March 2, 1995.

At 49 F.3d 535, 537 n. 4, the last three sentences are deleted and the following is substituted:

Even when classification as "serious" leads to a requirement of "unusual" or "outstanding" equities, that categorization is not to be imposed in a rigid manner inevitably compelling the denial of relief; it is still essential that the seriousness of the petitioner's particular conduct be assessed individually in determining its weight as an adverse factor. *Yepes–Prado,* 10 F.3d at 1371. The proper approach is "to balance the positive and negative factors of an *individual* case when making a discretionary determination under section 212(c) of the Act." *Matter of Burbano* at 8, 1994 WL 520994 (emphasis added).

## OPINION

CANBY, Circuit Judge:

The Immigration and Naturalization Service ("INS") is seeking to deport Mohammed Baher Elramly because in 1982 he was convicted of selling $100.00 worth of hashish. Elramly sought discretionary relief based on section 212(c) of the Immigration Act, 8 U.S.C. § 1182(c). Because the Board of Immigration Appeals ("BIA") failed to examine the particular nature of Elramly's drug offense and categorically concluded that it was a "serious drug offense," we grant the petition for review, vacate the BIA's decision, and remand.

### I

Elramly lawfully entered the United States on a nonimmigrant student visa in 1976. In 1979, he married a United States citizen and became a lawful permanent resident. During his marriage he had three children. In 1982, Elramly pleaded guilty to two counts of "unlawfully and knowingly sell[ing] resin extract of Cannabis, commonly known as Hashish," in violation of Florida Statute 893.13(1)(a)(2). For this offense, Elramly received a 90 day sentence, three years probation, and a fine.

After Elramly divorced in 1990, the INS ordered Elramly to show cause for why he should not be deported because of his 1982 drug offense, pursuant to the Immigration Act § 241. 8 U.S.C. § 1251(a)(11) (1988).[1] Elramly conceded that he was deportable, but sought a discretionary waiver under § 212(c) of the Immigration Act. 8 U.S.C. § 1182(c).

The immigration judge found "the positive and negative equities ... extremely close," but denied Elramly's request for a section 212(c) waiver.[2] After this denial, Elramly appealed to the BIA.[3] Because of Elramly's "serious" drug conviction, the BIA required Elramly to show "unusual or outstanding" countervailing equities. The BIA found that there were "substantial" equities in Elramly's favor, but that they were nevertheless insufficient because Elramly "stands convicted of a very serious drug offense." On appeal to this court, Elramly advances two arguments: that the BIA failed to consider his rehabilitation, and that the BIA improperly weighed the positive and negative equities.

### II

Under section 212(c) of the Immigration Act, the Attorney General and her agents may grant discretionary relief to aliens who, like Elramly, are legal permanent residents and meet a seven-year residency requirement. *Yepes–Prado v. INS,* 10 F.3d 1363, 1365 (9th Cir.1993). In applying this section, the BIA must balance the social and

---

1. The Immigration Act of 1990, Nov. 29, 1990, Pub.L. 101–649, 104 Stat. 4978, renumbered and amended portions of Title 8 U.S.C. The amendments do not apply, however, to proceedings, like Elramly's, that began before the effective date of the amendments.

2. The BIA found that Elramly had family ties in the United States, that his length of residence was significant, that he was involved in community service, that deporting him would cause hardship to his family, and that there was evidence of some rehabilitation.

3. The BIA had previously summarily dismissed Elramly's appeal for failing to state the reasons of the appeal. In an unpublished disposition this court reversed the BIA's decision and remanded for a decision on the merits. *Elramly v. INS,* 978 F.2d 1265 (9th Cir.1992).

humane factors favorable to Elramly against the adverse factors that show his undesirability as a permanent resident. *Id.* at 1365–66. So that we may evaluate the BIA's application of section 212(c), the BIA must also "indicate how it weighed the factors involved and how it arrived at its conclusion." *Id.* at 1370 (internal quotation and citation omitted).

▮ Because of the Congressional policy against lenient treatment of drug offenders, the BIA properly considers a "serious" drug offense a weighty adverse factor. *Ayala–Chavez v. INS,* 944 F.2d 638, 641 (9th Cir. 1991). Consequently, the BIA requires someone convicted of a serious drug offense to show "outstanding" equities in order to be given discretionary relief. *Id.* As the offense becomes more serious, more counterbalancing equities are required before the BIA will grant relief. *Matter of Burbano,* Interim Decision 3229 (BIA1994). We review the BIA's application of the law *de novo* and its "balancing of the equities underlying a § 212(c) determination for an abuse of discretion." *See Yepes–Prado,* 10 F.3d at 1366.

▮ Contrary to Elramly's claim, the BIA did properly account for all of Elramly's positive equities, including his rehabilitation. We therefore reject Elramly's contention that the BIA failed to consider his rehabilitation. Elramly's second argument is not so easily dismissed. In weighing the negative factors, the BIA should have considered Elramly's

drug conviction "on an individual basis rather than in a blanket fashion." *Id.* at 1371. Rather than considering the particular nature of Elramly's drug offense, however, the BIA automatically treated the offense as a "very serious drug offense." This was error. Delivering $100.00 worth of hashish is not the same as conspiring to distribute $50,000 worth of cocaine. *See, e.g., Matter of Coelho,* Interim Decision 3172, at 2 (BIA1992) (BIA affirmed IJ's denial of § 212(c) relief to alien convicted of "knowingly and intentionally possessing with the intent to distribute quantities of cocaine ...."). By treating Elramly's offense categorically as a "very serious drug offense," the BIA incorrectly lumped together a disparate range of drug offenses. Even drug offenses come in degrees of seriousness.

▮ Because the BIA automatically treated Elramly's offense as a "very serious drug offense," the BIA required Elramly to make a showing of "unusual or outstanding" equities.[4] This was an error of great consequence. In the context of drug offenses, overcoming the "outstanding" equities requirement has proven to be an extremely difficult hurdle. *See De Gonzales v. INS,* 996 F.2d 804, 810 (6th Cir.1993) (Court expressed concern that BIA has *de facto* policy of denying § 212(c) relief to aliens convicted of a drug offense and requested the INS to provide examples of decisions where relief was granted; in three thousand decisions, the INS provided only one case where relief was granted).[5] We thus cannot conclude

---

**4.** We have never defined what constitutes a "serious" drug offense and are reluctant to do so. The BIA, however, in response to an inquiry made by the Sixth Circuit, "viewed a 'serious' drug offense as a drug trafficking crime which constitutes an 'aggravated felony' under the [Immigration] Act." *Matter of Burbano,* Interim Decision 3229, at p. 8 n. 4. (BIA1994). Under section 101(a)(43) of the Immigration Act, "[t]he term 'aggravated felony' means ... any illicit trafficking in any controlled substance ... for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is *at least 5 years....*" 8 U.S.C. § 1101(a)(43) (emphasis added). Even when classification as "serious" leads to a requirement of "unusual" or "outstanding" equities, that categorization is not to be imposed in a rigid manner inevitably compelling the denial of relief; it is still essential that the seriousness of the petitioner's particular conduct be assessed individually

in determining its weight as an adverse factor. *Yepes–Prado,* 10 F.3d at 1371. The proper approach is "to balance the positive and negative factors of an *individual* case when making a discretionary determination under section 212(c) of the Act." *Matter of Burbano* at 8, 1994 WL 520994 (emphasis added).

**5.** During oral argument, we, too, raised the concern that the BIA may have a *de facto* policy of denying discretionary relief to aliens convicted of a serious drug offense. The BIA has since provided us with two unpublished opinions, *Matter of Morrobel,* A30–924–038 (BIA, March 10, 1993) and *Matter of Saenz–Villareal,* A18–460–292 (BIA, August 26, 1994), in which discretionary relief was granted to an alien who had a drug conviction. *See also Matter of Burbano,* Interim Decision 3229 (BIA1994). Our decision of Elramly's case in no way depends on whether the BIA does in fact have a *de facto* policy of denying

that the BIA's failure to consider the particular nature of Elramly's drug offense was harmless.

Indeed, had the BIA taken into account the actual nature of Elramly's drug offense, it may well have reached a different result. As the BIA noted, there are *substantial* equities in Elramly's favor. Elramly has family ties in the United States, including his three children, ex-wife, and current wife.[6] He has resided in this country for a long time (over fifteen years when the deportation proceedings began), and deporting him would cause hardship to his family because, among other things, he pays child support. He is also currently employed, and his current and former employers affirm that he is a "dependable" employee. In addition, he is actively involved with community service through work in the Moslem community. Finally, there is evidence of rehabilitation and other evidence attesting to his good character. *See Matter of Marin*, 16 I & N Dec. 581, 584–85 (BIA1978) (listing all of these factors as relevant). All of these "substantial equities" weigh primarily against Elramly's 1982 drug offense.[7] The BIA thus clearly erred by failing to consider the particular nature of Elramly's offense and its reflection on his undesirability as a permanent resident.

### III

Instead of taking into account the particular nature of Elramly's drug conviction, the BIA categorically characterized the drug offense as "very serious," and thereby required Elramly to make a showing of "unusual" or "outstanding" equities. This methodology was error. We therefore grant the petition, vacate the BIA's decision affirming the IJ's deportation order, and remand for further proceedings not inconsistent with this opinion.

relief to aliens convicted of a serious drug offense.

**6.** Because Elramly married his current wife after the deportation proceedings began, the BIA properly discounted the importance of this factor.

PETITION FOR REVIEW GRANTED; VACATED and REMANDED.

**7.** It is true that there were some other negative factors, but the BIA's decision clearly indicates that the drug offense was decisive.

