85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Filohivalu TUITAVAKE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70088.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided May 7, 1996.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Apf-ouy-oha.
 B.I.A.
 PETITION DENIED.
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Filohivalu Tuitavake, a native and citizen of Tonga, petitions for review of an order of the Board of Immigration Appeals which dismissed Tuitavake's appeal from an immigration judge's decision that found Tuitavake deportable and denied his request for a waiver of inadmissibility under § 212(c) of the Immigration & Nationality Act, 8 U.S.C. § 1182(c). We deny the petition.
 
 
 3
 1. Tuitavake asserts that there was insufficient evidence to show that he had been convicted in California of possession with intent to sell cocaine. We disagree. No doubt the INS had to prove by clear and convincing evidence that he had been convicted. See Corona-Palomera v. I.N.S., 661 F.2d 814, 817 (9th Cir.1981). It did.
 
 
 4
 The BIA had before it court records which showed that Tuitavake had been charged with the cocaine offense, that he had petitioned to enter a plea to the offense, and that the plea had been accepted. Those were all admissible in evidence. See 8 C.F.R. § 3.41(a); see also Hirsch v. I.N.S., 308 F.2d 562, 564 (9th Cir.1962); Matter of Mena, 17 I. & N. Dec. 38, 39-40 (BIA 1979). Cf. Larios-Mendez v. I.N.S., 597 F.2d 144, 146 (9th Cir.1979). We recognize that it is possible for a person to plead guilty and still not be convicted. Here, however, the Affidavit of Probation Violation, which was filed with the California Superior Court, makes it obvious that did not occur. It demonstrates that Tuitavake was not only convicted but that he had been placed on probation for two years and had violated that probation. A letter from the probation officer further confirmed that. This evidence was also admissible. See 8 C.F.R. § 3.41(d). Taken together, it all shows beyond peradventure that Tuitavake was convicted of the felony of possession with intent to sell cocaine.[1]
 
 
 5
 2. Tuitavake next asserts that the BIA erred because it categorically considered that his offense was a serious felony. We see no error. His was not simply a felony. It was the type of felony that Congress has declared to be aggravated--a drug trafficking crime. See 8 U.S.C. § 1101(a)(43)(B);[2] 18 U.S.C. § 924(c)(2); 21 U.S.C. § 841(a)(1). That Tuitavake's California violation was a drug trafficking crime cannot be doubted. See United States v. Lomas, 30 F.3d 1191, 1194 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1158, 130 L.Ed.2d 1114 (1995). Not surprisingly, the BIA considers that felonies which Congress has dubbed aggravated are indeed serious. See Matter of Burbano, Interim Decision 3229 n. 4 (BIA 1994).
 
 
 6
 Nevertheless, we have considered Elramly v. I.N.S., 73 F.3d 220, 223 (9th Cir.1995), cert. granted, --- U.S. ----, 116 S.Ct. 1260, --- L.Ed.2d ---- (1996). We find it is quite different. In the first place, the BIA had elevated a single small sale of hashish to the category of a "very serious felony." Id. In the second place, the BIA did not really consider the circumstances of that case at all. Here, on the other hand, no single small sale was involved. Rather, the BIA pointed out that there were a number of bindles of cocaine,[3] plus other distribution paraphernalia, in a house which the police had a warrant to search because of drug dealing. Despite the fact that others were there, Tuitavake admitted that all of the drugs were his. The BIA reviewed the circumstances surrounding Tuitavake's arrest and conviction. We are unable to say that the BIA erred when it determined that Tuitavake's offense was serious.
 
 
 7
 3. Tuitavake finally claims that the BIA improperly balanced the equities when it denied him discretionary relief. See 8 U.S.C. § 1182(c). We give the BIA a good deal of respect in this area and may only set aside its decision for an abuse of discretion, that is we may do so " 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. I.N.S., 944 F.2d 638, 642 (9th Cir.1991) (citation omitted).
 
 
 8
 Here the BIA was satisfied that Tuitavake's equities were outstanding, but then went on to weigh the many factors before it. It considered his family ties, the duration of his residence in this country, the extent of hardship upon him and his family, his employment history, whether he had served the community, any evidence of rehabilitation, the offense itself, and other traits and acts that related to the equities of his case. See Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). It discussed them all and in a split vote exercised its discretion in a way that was adverse to Tuitavake, as had the IJ. It considered this to be a close case. So do we. Left to our own devices, we might well have reached a contrary result, but "[i]n light of our narrow standard of review, we cannot say that the BIA abused its discretion." Ayala-Chavez, 944 F.2d at 642.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tuitavake points out that the IJ ruled before he had all of the evidence before him. That is irrelevant because the BIA conducted its own de novo review, and the evidence was available to it. See Ghaly v. I.N.S., 58 F.3d 1425, 1430 (9th Cir.1995)
 
 
 [2]
 Although this definition of an aggravated felony was added to the statute after Tuitavake's conviction, it nevertheless applies to his conviction. See Urbina-Mauricio v. I.N.S., 989 F.2d 1085, 1088 n. 3 (9th Cir.1993)
 
 
 [3]
 It said bundles, but we see no great significance to that. Much more significant is the fact that there were numerous packages of cocaine--a good indication that a drug enterprise was afoot, just as the police had thought