97 F.3d 1445
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ean Anthony INNIS, a/k/a Anthony Rome, a/k/a Ean Anthony
Innis, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1314.
 United States Court of Appeals, First Circuit.
 Sept. 27, 1996.
 
 Ean Anthony Innis on brief pro se.
 Frank W. Hunger, Assistant Attorney General, Brenda E. Ellison, Senior Litigation Counsel, Office of Immigration Litigation, and Ernesto H. Molina, Jr., Attorney, Office of Immigration Litigation.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 After careful review of the record and the petition for review, we find no reason to reverse the decision of the BIA. Accordingly, we affirm, essentially for the reasons stated in that decision, adding only the following comments.
 
 
 2
 1. We assume, without deciding, that we have jurisdiction to here this petition. See Anti-Terrorism and Effective Death Penalty Act, Public Law No. 104-132, § 440(a) (to be codified at 8 U.S.C. § 1105(a)(10)).
 
 
 3
 2. The BIA considered all the evidence, made specific findings as to both the positive and negative factors, and explained how it reached the decision that petitioner's outstanding equities (long residence, family ties, and rehabilitation efforts) were outweighed by his extensive criminal history. The grant or denial of a waiver of deportation remains a matter of BIA discretion, and this court will not "second-guess the Board on the manner in which it weights different factors when arriving at its ultimate decision." See Gouveia v. INS, 980 F.2d 814, 819 (1st Cir.1992).
 
 
 4
 3. Petitioner argues in essence that he was "merely a minor drug peddlar" and not a "drug trafficker," and so he should not have been required to show outstanding equities. See Elramly v. INS, 73 F.3d 220, 223 (9th Cir.1995), cert. granted, 116 S.Ct. 1260 (1996). To the contrary, the BIA decision shows it considered petitioner's extensive criminal history in detail in determining that a showing of outstanding equities was required.
 
 
 5
 4. There is no record support for petitioner's assertion that he was not notified at that time of his drug sentencing about any immigration consequences that he might face. In any event, petitioner conceded the grounds for deportation before the immigration judge, and he may not challenge the validity of his drug conviction during immigration proceedings. See Gouveia, 980 F.2d at 817.
 
 
 6
 5. Finally, we reject petitioner's argument that deportation, a civil proceeding, is cruel and unusual punishment. See Hernandez-Rivera v. INS, 630 F.2d 1352, 1356 (9th Cir.1980).
 
 
 7
 There being no substantial question for review, we summarily affirm the decision of the BIA and deny and dismiss the petition for review. See 1st Cir. Loc. R. 27.1.