USCA1 Opinion

 

 October 11, 1996 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _______________ No. 96-1314 EAN ANTHONY INNIS, a/k/a ANTHONY ROME, a/k/a EAN ANTHONY INNIS, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. _____________________ ERRATA SHEET  The opinion of this Court issued on September 24, 1996 is amended as follows: On page 2, line 7, change "here" to "hear" October 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1314 EAN ANTHONY INNIS, a/k/a ANTHONY ROME, a/k/a EAN ANTHONY INNIS, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Ean Anthony Innis on brief pro se. _________________ Frank W. Hunger, Assistant Attorney General, Brenda E. Ellison, ________________ __________________ Senior Litigation Counsel, Office of Immigration Litigation, and Ernesto H. Molina, Jr., Attorney, Office of Immigration Litigation. ______________________ ____________________ ____________________ Per Curiam. After careful review of the record and the ___________ petition for review, we find no reason to reverse the decision of the BIA. Accordingly, we affirm, essentially for the reasons stated in that decision, adding only the following comments. 1. We assume, without deciding, that we have jurisdiction to hear this petition. See Anti-Terrorism and ___ Effective Death Penalty Act, Public Law No. 104-132, 440(a) (to be codified at 8 U.S.C. 1105(a)(10)). 2. The BIA considered all the evidence, made specific findings as to both the positive and negative factors, and explained how it reached the decision that petitioner's outstanding equities (long residence, family ties, and rehabilitation efforts) were outweighed by his extensive criminal history. The grant or denial of a waiver of deportation remains a matter of BIA discretion, and this court will not "second-guess the Board on the manner in which it weights different factors when arriving at its ultimate decision." See Gouveia v. INS, 980 F.2d 814, 819 (1st Cir. ___ _______ ___ 1992). 3. Petitioner argues in essence that he was "merely a minor drug peddlar" and not a "drug trafficker," and so he should not have been required to show outstanding equities. See Elramly v. INS, 73 F.3d 220, 223 (9th Cir. 1995), cert. ___ _______ ___ _____ granted, 116 S.Ct. 1260 (1996). To the contrary, the BIA _______ -2- decision shows it considered petitioner's extensive criminal history in detail in determining that a showing of outstanding equities was required. 4. There is no record support for petitioner's assertion that he was not notified at that time of his drug sentencing about any immigration consequences that he might face. In any event, petitioner conceded the grounds for deportation before the immigration judge, and he may not challenge the validity of his drug conviction during immigration proceedings. See Gouveia, 980 F.2d at 817. ___ _______ 5. Finally, we reject petitioner's argument that deportation, a civil proceeding, is cruel and unusual punishment. See Hernandez-Rivera v. INS, 630 F.2d 1352, 1356 ___ ________________ ___ (9th Cir. 1980). There being no substantial question for review, we summarily affirm the decision of the BIA and deny and dismiss ______ ____ _______ the petition for review. See 1st Cir. Loc. R. 27.1. ___  -3-