**Barrington Elijah MURRAY, Plaintiff,**

v.

**John ASHCROFT, et al., Defendants.**

**Civil Action No. 03–4464.**

United States District Court,
E.D. Pennsylvania.

Oct. 2, 2003.

Martin A. Kascavage, Schoener and Kascavage, P.C., Philadelphia, PA, for Petitioner.

Sonya Fair Lawrence, United States Attorney's Office Department of Justice, Philadelphia, PA, for Respondent.

## *MEMORANDUM AND ORDER*

SCHILLER, District Judge.

Presently before this Court is Barrington Elijah Murray's petition for writ of

habeas corpus to review his final order of removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(I). For the reasons set forth below, I will deny the petition.

## I. BACKGROUND

Petitioner Murray is a citizen of Jamaica who was admitted to the United States as a lawful permanent resident on October 29, 1993. (Govt. Ex. 1, Notice to Appear.) On January 29, 1998, in a stipulated trial[1] in the Municipal Court of Philadelphia, Petitioner was convicted of Manufacture/Delivery of a Controlled Substance with Intent to Manufacture/Deliver a Controlled Substance in violation of 35 PA. CONS.STAT. § 780–113(a)(30) (West 2003), a felony, and Possession of a Controlled Substance, in violation of 35 PA. CONS.STAT. § 780–113(a)(16) (West 2003), a misdemeanor. (Govt. Ex. 2, Criminal Tr.) The Municipal Court sentenced Petitioner to two years reporting probation, forty hours of community service, and assessed $134.00 for court costs. *Id.*

Thereafter, on May 20, 1998, the Immigration and Naturalization Service ("INS"), now the Bureau of Immigration and Customs Enforcement ("BICE"), served Petitioner with a Notice to Appear in Removal Proceedings ("NTA"). (Govt. Ex. 1, Notice to Appear.) The NTA charged that Petitioner's conviction rendered him removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(I). *Id.* On December 19, 2000, an Immigration Judge ("IJ") found Petitioner removable from the United States as charged. (Govt. Ex. 3, Oral Decision of the Immigration Judge, Order of the Immigration Judge.) Petitioner filed a timely appeal with the Board of Immigration Appeals ("BIA"). On March 28, 2003, the BIA affirmed the decision of the IJ and dismissed Petitioner's appeal. (Govt. Ex. 4, BIA Decision.)

Petitioner filed the instant petition for a writ of habeas corpus on August 1, 2003 along with a request for stay of deportation, which the Court granted on August 15, 2003.

## II. STANDARD OF REVIEW

■ Despite passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), federal district courts retain subject matter jurisdiction pursuant to 28 U.S.C. § 2241 over petitions for writs of habeas corpus filed by aliens subject to deportation on the basis of a conviction for an aggravated felony. *See INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ("We conclude that habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA."); *Liang v. INS,* 206 F.3d 308, 310 (3d Cir.2000) (holding that IIRIRA's permanent provisions do not preclude district courts from exercising their jurisdiction to hear petitions for habeas corpus following removal orders where petitioner has been convicted of aggravated felony). This habeas review, however, is limited to questions of statutory or constitutional law; review of purely factual or discretionary issues is prohibited. *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001); *Bowrin v. INS,* 194 F.3d 483, 490 (4th Cir.1999); *Gutierrez–Chavez v. INS,* 298 F.3d 824, 830 (9th Cir.2002); *Edwards v. INS,* No. 03–286, 2003 U.S. Dist. LEXIS 6594 at *9 n. 11 (E.D.Pa Mar. 31, 2003) (noting that although Third Circuit has not addressed

---

**1.** In a stipulated trial, the defendant is convicted based upon the parties' stipulation to the facts as averred in the criminal complaint and other documents admitted into the record.

this issue, a number of district courts within this district concur with Second, Fourth and Ninth Circuits).

## III. DISCUSSION

The IJ found Petitioner removable under sections 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227(a)(2)(B)(i) and § 1227(a)(2)(A)(iii), respectively. Section 1227(a)(2)(B)(i) provides: "Any alien who at any time after admission has been convicted of a violation of (or conspiracy or attempt to violate) any law or regulation of a State ... relating to a controlled substance ... is deportable." Section U.S.C. § 1227(a)(2)(A)(iii) provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." The BIA subsequently affirmed the IJ's order of removal, rendering it administratively final.

Petitioner does not contest his removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for a conviction relating to a controlled substance. Rather, Petitioner argues that he was not convicted of an aggravated felony rendering him subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) and that he was denied due process because the INS, now the BICE, did not establish by clear and convincing evidence that he had been convicted of an aggravated felony.[2] *See* 8 U.S.C. § 1229a(c)(3)(A) (imposing upon INS the "burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable"). The question before this Court, then, is twofold. First, whether the IJ and the BIA were correct in concluding that the Petitioner had been convicted of an aggra-

vated felony. Second, whether the BIA violated Petitioner's due process rights. I will consider each contention in turn, concluding that the record of conviction does establish that Petitioner was convicted of an aggravated felony and is thus removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and that Petitioner's due process rights were not violated.

### A. Petitioner's state conviction constitutes an "aggravated felony"

An "aggravated felony" is defined as including, among other things, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Despite the "including" connector in the INA's definition of "aggravated felony," both the BIA and the Third Circuit have interpreted this definition to encompass two categories of felony offenses, the so-called "two route" approach. *Gerbier v. Holmes*, 280 F.3d 297 (3d Cir.2002). Under the first route, entitled the "illicit trafficking route," a state drug conviction qualifies as an aggravated felony if it is a felony under state law and contains a trafficking element. *Id.* at 305. Under the second route, entitled the "hypothetical federal felony route," a state drug conviction qualifies as an aggravated felony, regardless of whether it is a state law felony or misdemeanor, if it would qualify as a felony under the Federal Controlled Substances Act. *Id.* at 306. The government argues, and I agree, that Petitioner's conviction is an aggravated felony under either route.

**2.** Although Petitioner concedes his removal for a conviction relating to a controlled substance, he nonetheless contests his removal as an aggravated felon because of the consequences for his future eligibility to return to the United States. *See* 8 U.S.C.

§ 1182(a)(9)(A) (imposing permanent bar on admissibility for aggravated felons); *Steele v. Blackman*, 236 F.3d 130, 134 n. 4 (3d Cir. 2001) (noting differing collateral consequences for aliens deported as aggravated felons).

### 1. Route I: Illicit Trafficking

 Petitioner was convicted in Municipal Court of the felony "Possession of Controlled Substance with Intent to Deliver or Manufacture" which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance ... or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 PA. CONS.STAT. § 780–113(a)(30) (West 2003). A state drug conviction qualifies as an aggravated felony if it is a felony under state law and contains a trafficking element. *Id.* at 305. Under Pennsylvania law, a conviction under 35 PA. CONS.STAT. § 780–113(a)(30) is a felony, punishable by imprisonment of up to five years. 35 PA. CONS.STAT. § 780–113(f)(2) (West 2003). Thus, the key issue under the "illicit trafficking" route is whether Petitioner's state drug conviction contains a trafficking element. The Third Circuit has defined a trafficking element as involving "the unlawful trading or dealing of any controlled substance." *Steele v. Blackman*, 236 F.3d 130, 135 (3d Cir.2001). Furthermore, "[e]ssential to the concept of trading or dealing is activity of a business or merchant nature, thus excluding simple possession or transfer without consideration." *Id.* (internal quotation marks and citation omitted).

Petitioner's central argument is that the mere fact of his conviction under this statutory provision cannot support a finding that he was convicted of an aggravated felony. Pennsylvania law defines "deliver" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance." 35 PA. CONS.STAT. § 780–102. Furthermore, the Pennsylvania Superior Court has held that an individual may violate this statute without an exchange of money and without a profit because the prohibited conduct is the "actual, constructive or attempted transfer from one person to another." *Commonwealth v. Morrow*, 437 Pa.Super. 584, 650 A.2d 907, 912 (1994). Therefore, Petitioner contends, because the statute includes within its purview activities that do not include a "trafficking element," the record of conviction cannot sustain a finding that Petitioner was convicted of an aggravated felony.

 Although Petitioner is correct in his assertion that the Pennsylvania statute at issue criminalizes conduct that does not contain a "trafficking element," that does not end the Court's inquiry. If the statute criminalizes conduct that would not constitute an aggravated felony under the removal statute, then a court can consider other documentation or judicially noticeable facts in the record to determine whether the petitioner was convicted of a crime including a "trafficking element." *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 887, 888 (9th Cir.2003) (stating that charging documents in combination with signed plea agreement, jury instructions, guilty pleas, transcripts of plea proceeding, and judgment may suffice to document the elements of conviction); *see also Gerbier*, 280 F.3d at 314 (quoting plea colloquy to establish factual basis for Gerbier's conviction.); *Medina v. Ashcroft*, No. 3:02CV2081, 2003 WL 21204054 at *2, 2003 U.S. Dist. LEXIS 8323 at *6 (M.D.Pa. Apr.10, 2003) (stating that facts as indicated in Pennsylvania Superior Court decision demonstrate that trafficking element was present).

The Criminal Transcript in this case indicates that Petitioner's Municipal Court proceeding was a "stipulated trial." (Govt.Ex.2). Although neither the BIA nor the Third Circuit have addressed this issue in the context of a conviction arising out of a stipulated trial, I find that the record of conviction demonstrates that Petitioner was convicted of an aggravated felony. In a stipulated trial, the parties' stipulation to

the facts in the record constitutes the factual basis for the court's judgment. In this case, the certified record of conviction consists of the Criminal Transcript and the Criminal Complaint, which states that Petitioner "unlawfully sold and delivered a controlled substance, to wit, two packets containing marijuana to an undercover police officer." *Id.* The sale of marijuana to an undercover officer constitutes activity of a "business or merchant nature." *Steele*, 236 F.3d at 135. This statement, to which the parties stipulated at trial, clearly establishes a trafficking element.[3]

### 2. Route II: Hypothetical Felony

A state drug conviction qualifies as an "aggravated felony" under the "hypothetical federal felony route," if it would qualify as a felony under the "Controlled Substance Act[,] ... the Controlled Substance Import and Export Act[s] ... or the Maritime Drug Law Enforcement Act." 18 U.S.C. § 924(c)(2). This approach necessitates a comparison between the elements of the state drug offense and the elements of a federal drug provision referenced in 18 U.S.C. § 924(c)(2). *Steele*, 236 F.3d at 136; *Matter of Davis*, 20 I & N Dec. 536, 544, 1992 WL 443920 (BIA 1992). When comparing the elements, a court must "look[ ] to what the convicting court must necessarily have found to support the

conviction and not to other conduct in which the defendant may have engaged in connection with the offense." *Steele*, 236 F.3d at 136. Thus, the second route is satisfied only by "proving a conviction that includes all of the elements of [a felony] offense for which an alien could be convicted and punished under the cited federal laws." *Id.* at 137 (internal citations and quotations omitted).

Under federal criminal law, Petitioner's crime would fall under 21 U.S.C. § 841(a)(1), which provides that it is unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." The wording of this federal statute is almost identical to the state court statute under which the Petitioner was convicted. *See* 35 Pa. Cons.Stat. § 780–113(30) (West 2003). Because the penalty section of 21 U.S.C. 841(a)(1) reveals that the maximum term for violating this section is greater than one year, 21 U.S.C. 841(b), this crime constitutes a felony under federal law. 18 U.S.C. § 3559(a). Thus, Petitioner's crime would be a felony under federal law and is thus considered an aggravated felony for purposes of the removal statute.[4] Accordingly, this second ground also supports Petitioner's removal.

---

3. This Court is troubled by the use of stipulated trial proceedings in a case of this kind because immigration laws impose grave consequences on factual determinations and judgments made in state criminal proceedings. The record before this Court does not contain a full transcript of the state proceeding, but the certified record from the Municipal Court contains a form entitled "Criminal Transcript" with notations indicating that Petitioner pled "not guilty" but was subsequently found "guilty" in a stipulated trial. (Govt.Ex.2.) The result in this case should caution attorneys to be vigilant when representing aliens in criminal proceedings whose convictions expose them to removal under the

immigration laws and to exercise caution when utilizing expedited proceedings in such cases to ensure the accuracy of the determinations made.

4. Although Petitioner correctly points out that "distributing a small amount of marijuana for no remuneration" is a misdemeanor under 21 U.S.C. § 844, the underlying factual basis for his conviction, as discussed above, evidences that a "sale" occurred. *Cf. Steele*, 236 F.3d at 137 (finding that Petitioner's act of distributing 30 grams of marijuana without remuneration did not qualify as felony under federal law).

## B. Due Process

■ The crux of Petitioner's due process argument is that the BIA failed to establish Petitioner's eligibility for removal by clear and convincing evidence because it improperly relied upon the certified criminal record from the Municipal Court of Philadelphia. *See* 8 U.S.C. § 1229a(c)(3)(A) (imposing upon INS the "burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable"). When confronted with an alien's conviction under a statute which encompasses offenses that do not warrant removal, the BIA can consider the record of conviction and other documents admissible as evidence in proving a criminal conviction to determine whether the alien was in fact convicted of a removable offense. *See* 8 C.F.R. § 1003.41 (2003) (limiting type of documents upon which IJ may rely to prove criminal conviction); *In re Victor Manuel De Fraga Teixeira,* 21 I & N Dec 316, 316, 1996 WL 229452 (BIA 1996). In doing so, the Board has considered charging instruments as part of the "record of conviction." *See, e.g., Matter of Rodriguez–Cortes,* 20 I & N Dec. 587, 588, 1992 WL 323803 (BIA 1992) (including information in "record of conviction"); *Matter of Short,* 20 I & N Dec. 136, 137–38, 1989 WL 331878 (BIA 1989) (including indictment, plea, verdict, and sentence in "record of conviction"); *Matter of Mena,* 17 I & N Dec. 38, 1979 WL 44360 (BIA 1979) (considering transcript from proceedings of arraignment in which alien accepted guilty plea as part of "record of conviction"); *but see, Teixeira,* 21 I. & N. Dec 316 at 316 (stating that "a police report, standing alone, is not part of a 'record of conviction' ").

As discussed above, the record of conviction produced at Petitioner's stipulated trial included a Criminal Complaint which stated that Petitioner "unlawfully sold and delivered a controlled substance, to wit, two packets containing marijuana to an undercover police officer." (Govt.Ex.2). This evidence was sufficient in itself to establish that Petitioner had committed an aggravated felony within the definition of 8 U.S.C. § 1227(a)(2)(A)(iii) and was properly relied upon by the BIA.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is denied and the stay of deportation is vacated. An appropriate order follows.

## *ORDER*

**AND NOW,** this 2nd day of **October, 2003,** upon consideration of the Petition for Writ of Habeas Corpus and Government's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Barrington Elijah Murray's Petition for a Writ of Habeas Corpus (Document No. 1) is **DENIED.**

2. This Court's Order of August 15, 2003 staying Petitioner's deportation pending ruling on his Habeas Petition is **VACATED.**