Saksit **NAKARANURACK,**
Petitioner—Appellant,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 05–16135.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2009.*

Filed Feb. 25, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Xavier Gonzales, Esq., Las Vegas, NV, for Petitioner–Appellant.

Carlos A. Gonzalez, Esq., Kathryn E. Landreth, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, Francesco Isgro, Esq., Chester Arthur Bldg., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS and HAWKINS, Circuit Judges.

## MEMORANDUM **

Saksit Nakaranurack appeals the district court's denial of his petition for a writ of habeas corpus challenging his deportation order. After he filed his appeal, the REAL ID Act of 2005 became law. REAL ID stripped the federal courts of habeas jurisdiction over final orders of deportation, exclusion, or removal, 8 U.S.C. § 1252(a)(5), and required that then-pending habeas petitions be construed as petitions for review and transferred to the appropriate court of appeals. REAL ID Act of 2005, Pub.L. No. 109–13, Div. B., § 106(a)(1)(B), 119 Stat. 231, 311 (2005). Accordingly, this Court entered an order on November 27, 2007 deeming Nakaranurack's appeal of the district court's order

to be a timely petition for review pursuant to the REAL ID Act.

Our jurisdiction to review this petition is restricted in light of Nakaranurack's conviction for "Unlawful Delivery of a Controlled Substance, to wit, Cocaine, a felony." REAL ID provides that, "except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [listing statutory sections]." 8 U.S.C. § 1252(a)(2)(C). Because Nakaranurack's conviction is covered by the enumerated list of crimes, we lack jurisdiction to review his petition unless it falls within subparagraph (D):

> Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

The question, then, is whether Nakaranurack has raised any constitutional claims or questions of law. In addition, such claims must at least be colorable in order for this Court to have jurisdiction. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). We hold that he has not raised any colorable constitutional claims or questions of law, and therefore we do not have jurisdiction.

█ First, Nakaranurack argues that the Immigration Judge ("IJ") applied the wrong legal standard in determining whether or not to grant 212(c) relief. However, the IJ's decision that Nakaranu-

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

rack had to show "outstanding and unusual countervailing equities" in order to qualify for relief was not a misapplication of a legal standard; it was a determination squarely within the IJ's discretion. *See Elramly v. INS*, 73 F.3d 220, 222 (9th Cir.1995), *judgment vacated and case remanded by* 518 U.S. 1051, 117 S.Ct. 31, 135 L.Ed.2d 1123 (1996). We are precluded from reviewing the Attorney General's purely discretionary decisions. 8 U.S.C. § 1252(a)(2)(b)(ii). There is no constitutional claim or other question of law here that would otherwise confer jurisdiction.

Second, Nakaranurack argues that he was denied due process when the Board of Immigration Affairs ("BIA") reached a different conclusion regarding rehabilitation from that of the IJ, but did not remand to the IJ. However, the only due process afforded Mr. Nakaranurack is "a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Salgado–Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir.2005). The record shows that Nakaranurack had such a hearing and opportunity before both the IJ and the BIA. The fact that the IJ found no evidence of rehabilitation, whereas the BIA found minimal evidence, does not amount to infringement of his due process rights. Thus, Nakaranurack has failed to present a colorable constitutional claim on this issue.

Finally, Nakaranurack contends that he was denied effective assistance of counsel because his "accredited representative" failed to offer any evidence of rehabilitation at the removal hearing. His argument is foreclosed by our decision in *Hernandez v. Mukasey*, 524 F.3d 1014, 1015–16 (9th Cir.2008) (holding that "knowing reliance upon the advice of a non-attorney cannot support a claim for ineffective assistance of counsel in a removal proceeding.")

For these reasons, this Court lacks jurisdiction over Nakaranurack's petition for review. The petition is therefore DISMISSED.