Bernard HIRSCH, Petitioner,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 17666.

United States Court of Appeals
Ninth Circuit.

Sept. 10, 1962.

Maynard J. Omerberg, Hollywood, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Division, and Gordon Levy, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, TAVARES, District Judge.

DUNIWAY, Circuit Judge.

Petition to review an order of deportation, the matter having been transferred to this Court pursuant to § 5(b), Pub.L. 87–301, 75 Stat. 651. (See 8 U.S.C.A. § 1105a.) [1]

The alien entered this country, lawfully, on February 9, 1946, following a temporary absence of about two weeks. His original entry, as an immigrant, was on January 8, 1941. On March 12, 1952, a warrant of arrest was issued, containing the following charge:

> "[violation of] [t]he Act of Feb. 5, 1917, in that on or after May 1, 1917, he has been sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude committed within five years after entry, to wit: Conspiracy to make false and fraudulent statements to a U. S. Government Agency Title 18 USC 80." [2]

The arrest was made pursuant to former 8 U.S.C.A. § 155(a) (now 8 U.S.C.A. § 1251(a) (4)), which provides: "any alien who, after May 1, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after

---

1. The case should now be entitled "Bernard Hirsch, Petitioner, v. Immigration and Naturalization Service, Respondent." See 8 U.S.C.A. § 1105a(a) (3); Fong v. Immigration and Naturalization Service, C.A.9, 1962, 308 F.2d 191.

2. Former Section 80 of Title 18 U.S.Code, is now 18 U.S.C. §§ 287 and 1001. References in this opinion will be to Section 80 as it read when the convictions involved occurred, namely:

"Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer

thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States or of any corporation in which the United States of America is a stockholder, shall be fined not more than $10,000 or imprisoned not more than ten years, or both. (As amended June 18, 1934, c. 587, 48 Stat. 996; April 4, 1938, c. 69, 52 Stat. 197.)"

\* \* \* entry \* \* \* shall \* \* \* be \* \* \* deported". (Act of Feb. 5, 1917, c. 29, sect. 19, 39 Stat. 889.)

A hearing was had on May 21, 1952, at which the warrant was marked as an exhibit. Petitioner was present with counsel. In support of the charge, the following documents were received:

Item 1. A judgment of the United States District Court, Eastern District of New York, case No. Cr–42116, dated April 6, 1950 showing plea of guilty to the charge

"of violating Title 18, U.S.C., Section 80, in that on or about March 12, 1948, in the Eastern District of New York, [defendant] did with certain others knowingly and wilfully make and cause to be made false & fraudulent statements & representations in a matter within the jurisdiction of a department and agency of the United States, as charged in Count 4."

It also shows sentence of 18 months and fine of $2500, and dismissal of Counts 1, 2, 3, 5, 6, thus indicating that it is based upon a six-count indictment. The indictment, however, is not in the record.

Item 2. An indictment returned to the United States District Court, Southern District of New York, Case C 128/376 in eight counts, charging only violations of Title 49, Section 121, United States Code. There is also a judgment of conviction on a plea of guilty to all eight counts, dated June 27, 1950, showing sentence of one year and one day on each, concurrent, to follow sentence in Item 1.

Item 3. A one-Count indictment returned to the United States District Court for the Southern District of New York, Case No. C 128/377, making the following charge:

"On or about the 29th day of March, 1948, at the Southern District of New York, BERNARD D. HIRSCH and GIULIO HIRSCH, the defendants, unlawfully, wilfully and knowingly did make and cause to be made, in a matter within the juris-

diction of the Bureau of Customs of the United States Treasury Department, to wit, the export of merchandise, false and fraudulent statements in a 'Shipper's Export Declaration' to the effect that the goods being exported consisted of 7 cases of calcium chloride under Schedule B, Commodity No. 8343.00, with a value of $4,000; whereas, in truth and in fact, as the defendants then and there well knew the said goods consisted of 7 cases of streptomycin under Schedule B, Commodity No. 8135.75, with a value in excess of $100.

(Title 18, Section 80, United States Code)"

There is also a judgment upon plea of guilty to this indictment, dated June 27, 1950, with sentence of one year and one day, concurrent with those in Cases C 128/376 (Item 2) and C 128/378 (Item 4), but to follow sentence in Item 1.

Item 4. A judgment of the United States District Court, Southern District of New York, Case No. C 128/378, dated June 27, 1950, on plea of guilty to the offense of "exporting streptomycin in excess of $100 without an export license. Title 50 App. Sec. 701 U.S.Code". Sentence is one year and one day, concurrent with those in Cases C 128/376 and C 128/377, to follow that in Item 1. There is no copy of the indictment in the record.

No objection was made to the receipt of any of these records. Petitioner actually served six months of his sentence in Case Cr–42116, Eastern District, (Item 1) and four months of the concurrent sentences in the three cases in the Southern District. His counsel offered to show certain facts as to the offenses, for the purpose of showing that there was no "moral turpitude", as required by the statute. The evidence was excluded, on the ground that it was not proper "to go behind the indictment". The ruling was correct, although the reason was not. It is proper to consider the indictment, plea, verdict and sentence, but not extrinsic evidence. (Tseung Chu v. Cornell, 9 Cir.,

1957, 247 F.2d 929, 935–936; Bisaillon v. Hogan, 9 Cir., 1958, 257 F.2d 435.)

On June 10, 1952 the hearing officer made an order, reading in part as follows:

"During the course of the hearing there was received in evidence certified conviction records establishing that the respondent had been convicted within five years after entry in the United States District Court for violation of Section 80, Title 18, U.S.Code for knowingly and willfully making and causing to be made false and fraudulent statements and representations in a matter within a District [sic] of a Department and Agency of the United States for which he was sentenced to imprisonment for a term of one year or more.

"It is ordered that the hearing be re-opened for the purpose of lodging against the respondent an additional charge consistent with the evidence adduced."

A further hearing was had on July 10, 1952, at which the hearing officer said:

"In addition to the charge contained in the warrant of arrest, which charge I explained to you during the course of the hearing on May 21, 1952, I am lodging against you the charge that you have been found in the United States in violation of the Immigration Act of February 5, 1917 in that on or after May 1, 1917 you have been sentenced to imprisonment for a term of one year or more because of a conviction in this country of a crime involving moral turpitude committed within five years after entry; to wit: making false and fraudulent statements to an agency of the United States Government in violation of Section 80, Title 18, United States Code."

It will be noted that the original charge was that petitioner had conspired to violate Section 80, while the new charge left out the element of conspiracy.

This is consistent with the record (Items 1 and 3). The procedure followed that prescribed by former 8 C.F.R. § 151.2(d) (Nov. 10, 1950, 1949 ed., 1951 Supp.) and now required by 8 C.F.R. § 242.53(1) regarding additional charges. It was never charged, either in the warrant or later, that petitioner had violated 49 U.S.C.A. § 121 or 50 U.S.C.A.Appendix, § 701.[*]

Again, counsel was present and no objection was made. The offer of proof, made by petitioner at the first hearing, was renewed, and a motion to dismiss was made, on the ground "that the offenses on which he was convicted do not, in the light of all the circumstances, constitute crimes involving moral turpitude within the intent and meaning of the Immigration Act of February 5, 1917". This was denied.

The hearing officer found that petitioner was twice convicted of violation of Title 18 U.S.C. § 80, once in the Eastern District of New York (Case No. Cr–42116, Item 1, supra) and once in the Southern District (Case No. C 128/377, Item 3, supra). He made no finding as to the other two cases (C 128/376, Item 2 and C 128/378, Item 4, supra). He concluded that violation of 18 U.S.C. § 80 is a crime involving moral turpitude, and entered an order of deportation.

Petitioner appealed to the Board of Immigration Appeals, which affirmed. The opinion of the Board is quite extraordinary. It states that Count 4 in the case in the Eastern District of New York (No. Cr–42116, Item 1, supra) charges uttering a falsely altered bill of lading, in violation of § 121 of 49 U.S.C.A. This is not correct. The indictment in case No. Cr–42116 is not even in evidence. It then refers to the judgment in Case No. C 128/376 (Item 2, supra) in the Southern District of New York, but incorrectly states that the indictment in Case No. C 128/377 (Item 3, supra), in the same District, is the foundation for the judgment in No. C 128/376. Yet the judgment in No. C 128/376 refers to an

[*] Now 50 U.S.C.A.Appendix, §§ 2021–2032.

eight-count indictment, while the indictment in Case No. C 128/377 has only a single count. No reference is made to Case No. C 128/378 (Item 4, supra).

From this bit of utter confusion, the opinion deduces the conclusion that the question is whether a violation of 18 U.S.C. § 80 is an offense making petitioner deportable, but adds that "the conviction also referred to 49 U.S.C.A. § 121 in an effort to make the offense more specific." Which conviction? Not Case No. C 42116 (Item 1, supra). The record in that case shows that it dealt only with 18 U.S.C. § 80, and not at all with 49 U.S.C.A. § 121. Not Case No. C 128/376 (Item 2, supra). The record in that case shows that it dealt only with 49 U.S.C.A. § 121, and not at all with 18 U.S.C. § 80. Not Case No. C 128/377 (Item 3, supra). That case refers only to 18 U.S.C. § 80, and not at all to 49 U.S.C.A. § 121. Not Case No. C 128/378 (Item 4, supra). So far as appears, the Board did not consider it at all, and in any event, it refers only to 50 U.S.C.A.Appendix, § 701. Having thus completely misconstrued and misstated the evidence, the Board then holds that violation of 18 U.S.C. § 80, standing alone, is not an offense involving moral turpitude, but that, when strengthened by reference to 49 U.S.C.A. § 121, it is such an offense, and it affirms. Q. E. D.! It thus held petitioner not deportable under the two charges actually made, but deportable by reason of matters never charged. This will not do. The Board had no right to rely upon the convictions of violating 49 U.S.C.A. § 121 (Item 2, supra) or 50 U.S.C.A.Appendix, § 701 (Item 4, supra).

At the time of the first hearing, 8 U.S.C.A. § 1252, effective December 24, 1952, had not been enacted. It requires (§ 1252(b)): "(1) the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him * * *," and also provides for a hearing. However, there were then in effect regulations giving the petitioner substantially the same rights, namely the right to a hearing and a statement of the charges against him. Former 8 C.F.R. § 151 (1949 Ed., 1951 Supp.) provided:

"After the alien has been taken into custody under a warrant of arrest and has been given a reasonable period of time to arrange for the presentation of his case, including if desired representation by counsel, the case of the alien shall be referred to an appropriate officer for hearing to determine whether the alien is subject to deportation. The alien shall be timely informed of the time and place of hearing."

§ 151.2(b):

"The hearing officer shall conduct a fair and impartial hearing * * *. He shall exclude from the record any evidence that is irrelevant * * *."

§ 151.2(c):

"At the commencement of the hearing * * * the hearing officer shall * * * (2) enter of record a copy of the warrant of arrest and explain to the alien in simple, understandable language the nature of the charges contained therein * * *."

§ 151.2(d) contains similar provisions as to the making and explanation of additional charges. The regulations implementing the new statute, 8 U.S.C.A. § 1252, contain similar provisions. (See former 8 C.F.R. §§ 242.14(a), 242.52, 242.53(b) and (d) (1952 ed.)) The present regulations are similar. (See 8 C.F.R. §§ 242.1(b), 242.16(a), 242.16(d).) Thus, at all pertinent times, petitioner was entitled to a statement of the charges against him, to a hearing of those charges, and to answer them.

Procedural due process requires no less, and such due process is required in such a hearing. (See Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 49–50, 70 S.Ct. 445, 94 L.Ed. 616; Hyun v. Landon, 9 Cir., 1955, 219 F.2d 404, 406, aff'd 1956, 350 U.S. 990, 76 S.Ct. 541, 100 L.Ed. 856.) We have frequently commented upon the severity of the remedy of deportation (see, e. g., Fong v. Immigration and Naturalization Service, 9 Cir., 1962, 308 F.2d 191), with the conse-

quent requirement that prescribed procedures must be followed for the protection of the alien. (E. g., Bridges v. Wixon, 1945, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103; De Souza v. Barber, 9 Cir., 1959, 263 F.2d 470, 475.) Surely being advised of the charges upon which the proceeding is based is fundamental to due process. (See De Jonge v. Oregon, 1937, 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278; Thompson v. City of Louisville, 1960, 362 U.S. 199, 206, 80 S.Ct. 624, 4 L.Ed.2d 654; Parr v. United States, 1960, 363 U.S. 370, 393–394, 80 S.Ct. 1171, 4 L.Ed.2d 1277.)

Here, petitioner was first advised that the charge was that he had conspired to violate 18 U.S.C. § 80. Later, a second charge, violating the same statute (but minus the conspiracy), was added, in the manner required by the regulation. This was proper (see Galvan v. Press, 9 Cir., 1953, 201 F.2d 302, aff'd 1954, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911). Petitioner was found by the hearing officer to be deportable under the second charge, but not the first. But he was never charged with the violation of 49 U.S.C.A. § 121, upon which the Board relies. The hearing officer properly disregarded the evidence as to this offense (Item 2, supra), as it did not in any way support the charge. The regulation then in effect required that he exclude both Item 2 and Item 4; they were irrelevant to the charges being heard.

■ The Board had no authority to rely upon Item 2, even though it had been offered in evidence and received without objection. That evidence was simply not material to the charge. (See Maltez v. Nagle, 9 Cir., 1928, 27 F.2d 835, 837.) Failure to object may make incompetent evidence competent, but it cannot make irrelevant evidence relevant. The deportation order cannot be sustained on the basis of petitioner's conviction for violation of 49 U.S.C. § 121 (Item 2 above). (See Mouratis v. Nagle, 9 Cir., 1928, 24 F.2d 799.)

■ Can it be sustained under the charge found valid by the hearing officer, violation of 18 U.S.C. § 80? A conviction of violation of that section does not necessarily show "a crime involving moral turpitude". Our most recent decision construing that section (now 18 U.S.C. § 1001) is Neely v. United States, 9 Cir., 1962, 300 F.2d 67, cert. den., 369 U.S. 864, 82 S.Ct. 1030, 8 L.Ed.2d 84, where, in a prosecution for its violation, we upheld an instruction that " * * * it is not necessary that the Government prove that the defendant in fact had an evil intent. The word 'wilful' means no more than that the forbidden act is done deliberately and with knowledge." A crime that does not necessarily involve evil intent, such as intent to defraud, is not necessarily a crime involving moral turpitude. It follows that the record of conviction, under Section 80 (Item 1) which contains no copy of the indictment and shows nothing as to the facts of the offense, does not support the order of deportation.

■ The record of the other conviction under Section 80, (Item 3) does contain the indictment. It is quoted, supra, and charges that the offense was done "unlawfully, wilfully and knowingly", and that the petitioner made "false and fraudulent statements". This is still not enough to show moral turpitude. The charge is in the conjunctive, but, as we held in Neely, the jury could convict if it found that petitioner had "knowingly" but without evil intent, made a "false" but not "fraudulent" statement. This is because the statute is in the disjunctive, even though, by long usage, the pleading may be, and in this case is, in the conjunctive. (See, e. g., Dell'Aira v. United States, 9 Cir., 1926, 10 F.2d 102, 105; Smith v. United States, 5 Cir., 1956, 234 F.2d 385, 389) Thus Item 3 does not support the order of deportation.

The evidence upon which the Board relied was irrelevant; that on which the hearing officer relied is insufficient to support the charges made. Accordingly, it is determined that the order of deportation is invalid, and the order is set aside. The title of the cause is amended as set forth in footnote 1.