MATTER OF JIMENEZ

In Exclusion Proceedings

A-18272169

*Decided by Board September 24, 1973*

Conviction of criminal possession of forgery devices with intent to use them for the purpose of forgery (N.Y.) is conviction of a crime involving moral turpitude.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Prior to entry—convicted of crime involving moral turpitude, to wit: criminal possession of forgery devices.

ON BEHALF OF APPLICANT: Juan J. Turull, Esquire
P.O. Box 2099
San Juan, Puerto Rico 00903

This is an appeal from an order of exclusion and deportation entered by the immigration judge. The appeal will be dismissed.

The record relates to a married male alien, a native and citizen of Colombia, 42 years of age, who was admitted to the United States as an immigrant on July 17, 1968. The applicant last arrived at San Juan, Puerto Rico on September 21, 1972 and applied for admission as a returning resident. The applicant was paroled into the United States pending these exclusion proceedings. He is charged with being excludable on the ground that he was convicted of a crime involving moral turpitude prior to entry, to wit, criminal possession of forgery devices. The record before us contains a certified copy of the record of conviction, which shows that the applicant was convicted in the Supreme Court of the State of New York, County of New York, on a plea of guilty on January 14, 1971.

On appeal, counsel contends that the conviction should not be used as the basis for exclusion because the applicant was not in fact guilty. Counsel contends, amoung other things, that the applicant did not know English well enough to enter a meaningful guilty plea. Such a collateral challenge to a judgment presents no question which we can consider; the conviction is res judicata on the issue of the applicant's guilt.

442

The applicant further contends that the crime of which he was convicted does not involve moral turpitude. We conclude that it does.

Criminal possession has been held to be a crime involving moral turpitude when accompanied by intent to commit a crime involving moral turpitude, *U.S. ex rel. Guarino* v. *Uhl*, 107 F.2d 339 (C.A. 2, 1939). In this case the applicant was convicted on a plea of guilty to the charge of criminal possession of forgery devices with intent to use them for the purpose of forgery (Ex. 3; pp. B2 & B15). Forgery has been held to be a crime involving moral turpitude, 38 Op. Atty. Gen. 128 (1934); *Matter of A-*, 5 I. & N. Dec. 52 (BIA 1953); *Morasch* v. *INS*, 363 F.2d 30 (C.A. 9, 1966); *U.S. ex rel. Robinson* v. *Day*, 51 F.2d 1022 (C.A. 2, 1931). Thus, the crime of which the applicant was convicted involved moral turpitude. The decision of the immigration judge was correct.

**ORDER:** The appeal is dismissed.