**Melvin Clifford WINESTOCK, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 77–3251.**

United States Court of Appeals,
Ninth Circuit.

June 2, 1978.

Irving A. Chavin, Las Vegas, Nev., for petitioner.

Philip Wilens, Robert Kendall, Jr., of Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS, KILKENNY and TANG, Circuit Judges.

CHAMBERS, Circuit Judge:

Petitioner, a visitor from Canada, has been ordered deported for his conviction of dealing with counterfeit obligations, in violation of 18 U.S.C. § 473.* The conviction was for an offense committed within five years of his entry into this county. The sole question is whether violation of this statute constituted a "crime involving moral turpitude" and was thus a deportable offense under 8 U.S.C. § 1251(a)(4).

Count II of the indictment, to which petitioner pleaded guilty, charges that he "sold, transferred and delivered counterfeit securities of the United States, that is 896 $100 Federal Reserve Notes . . . with the intent that the same be passed, published or used as true and genuine . . . ."

A crime having as an element the intent to defraud is clearly a crime involving moral turpitude. *Jordan v. deGeorge,* 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). The intent to defraud may be explicit in the statutory definition of the crime, e. g. Section 472 of Title 18, which deals with passing, uttering, publishing, mailing or possessing counterfeit obligations "with intent to defraud." Violation of Section 472 is a crime involving moral turpitude. *Lozano-Giron v. Immigration and Naturalization Service,* 506 F.2d 1073 (7th Cir. 1974); *United States v. Wilkerson,* 469 F.2d 963 (5th Cir. 1972).

The intent to defraud may also be implicit in the nature of the crime. Section 473 does not include the identical statutory words of intent to defraud. Instead, it requires an intent to pass off, as genuine, obligations that are in fact counterfeit. Knowledge of the counterfeit nature of the obligations is an essential element of the crime (*United States v. DiZenzo,* 500 F.2d 263 (4th Cir. 1974)) and petitioner admitted all the elements of the crime by his guilty plea. He has admitted intending to pass off something valueless as being something of value. We have difficulty distinguishing such intent from a general intent to defraud. Implicit in the crime is the deception of the United States and also any person into whose hands the obligations come once they are put into circulation.

Petitioner's violation of Section 473 was the commission of a crime involving moral turpitude within the meaning of 8 U.S.C. § 1251(a)(4).

Affirmed.

---

* "Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligations or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."