**Andrew Robert Leslie McNAUGHTON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 78–2927.

United States Court of Appeals, Ninth Circuit.

Jan. 2, 1980.

Rehearing Denied Feb. 11, 1980.

Stephen Tornay, San Diego, Cal., for petitioner.

Robert Kendall, Jr., Washington, D. C. (argued), for respondent; Philip Wilens, James P. Morris, Michael J. Beck, Washington, D. C., on brief.

Before CHOY, ANDERSON and HUG, Circuit Judges.

PER CURIAM:

McNaughton petitions for review of a decision of the Board of Immigration Appeals (BIA) finding him deportable on the ground that he was excludable at the time of entry because he had been convicted by a Canadian court of a crime involving moral turpitude. McNaughton contends that neither the crime nor the conduct upon which the conviction was based involved moral turpitude and that, therefore, he was not excludable. We affirm the decision of the BIA.

McNaughton, a native and citizen of the United Kingdom, was involved in the operation of a "box" in Canada. A "box," a means of buying and selling stock to prevent excessive fluctuations in market price, normally is tolerated as a way of ensuring an orderly market. Members of McNaughton's group manipulated the "box" for their own profit, however.

Consequently, a Canadian court found McNaughton guilty of conspiracy to affect the public market price of stock by deceit, falsehood, or other fraudulent means with the intent to defraud. The Court of Appeals for Quebec affirmed the conviction, though the court reduced McNaughton's sentence. Even though McNaughton apparently did not profit from the scheme, both courts found that he had promoted the "box" that enriched the operators at the expense of the investing public.

In July 1977 the Immigration and Naturalization Service (INS) instituted deporta-

tion proceedings alleging that McNaughton was deportable under § 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1). The INS asserted that at the time of his entry in June 1977 McNaughton was excludable under § 212(a)(9), 8 U.S.C. § 1182(a)(9), for having been convicted of a crime involving moral turpitude. The immigration judge found McNaughton excludable and deportable as charged. The BIA agreed and dismissed his appeal.

The issue raised in this petition is whether McNaughton's conviction is for a crime involving moral turpitude within the meaning of the Immigration and Nationality Act.

A crime having as an element the intent to defraud clearly is one involving moral turpitude. *Jordan v. DeGeorge,* 341 U.S. 223, 227–32, 71 S.Ct. 703, 95 L.Ed. 886 (1951); *Winestock v. INS,* 576 F.2d 234, 235 (9th Cir. 1978). Whether a crime is one with intent to defraud as an element, thereby making it a crime involving moral turpitude, is determined by the statutory definition or by the nature of the crime not by the specific conduct that resulted in the conviction. *Winestock v. INS,* 576 F.2d at 235; *see also Guerro de Nodahl v. INS,* 407 F.2d 1405, 1406 (9th Cir. 1969).

Intent to defraud is an element of the underlying crime here. Thus, that crime is one involving moral turpitude. Where the underlying, substantive offense is a crime involving moral turpitude such as the one here, conspiracy to commit such an offense is also a crime involving moral turpitude. *See Guarneri v. Kessler,* 98 F.2d 580 (5th Cir.), *cert. denied,* 305 U.S. 648, 59 S.Ct. 229, 83 L.Ed. 419 (1938); *Mercer v. Lence,* 96 F.2d 122 (10th Cir.), *cert. denied,* 305 U.S. 611, 59 S.Ct. 69, 83 L.Ed. 388 (1938). *See generally Jordan v. DeGeorge,* 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886.

We agree that McNaughton is excludable under § 212(a)(9), 8 U.S.C. § 1182(a)(9).

AFFIRMED.