17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Porfirio GALVAN-CARDENAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Porfirio Galvan-Cardenas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision vacating the Immigration Judge's (IJ) order granting Galvan-Cardenas voluntary departure. Galvan-Cardenas contends that the BIA erred by finding him statutorily ineligible for voluntary departure under section 244(e)(1), 8 U.S.C. Sec. 1254(e)(1), based on its finding that he was deportable under section 241(a)(14), 8 U.S.C. Sec. 1251(a)(14), for possessing an automatic or semi-automatic weapon. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 On April 13, 1988, the Immigration and Naturalization Service (INS) issued an order to show cause why Galvan-Cardenas should not be deported under section 241(a)(1), 8 U.S.C. Sec. 1251(a)(1).[1] Galvan-Cardenas admitted deportability at a hearing on July 25, 1988 and requested voluntary departure. Subsequently, the INS charged that Galvan-Cardenas also was deportable under section 241(a)(14) as an alien convicted of possessing an automatic weapon and, therefore, statutorily ineligible for voluntary departure under section 244(e)(1). On November 27, 1990, the IJ found Galvan-Cardenas deportable under section 241(a)(1). The IJ found, however, that the INS failed to show deportability under section 241(a)(14) and granted Galvan-Cardenas's application for voluntary departure. The INS appealed this determination.[2] The BIA found Galvan-Cardenas deportable under section 241(a)(14) and vacated the IJ's decision granting voluntary departure.
 
 
 4
 Galvan-Cardenas contends the BIA erred by finding him deportable under section 241(a)(14) because the evidence is insufficient to sustain a finding that Galvan-Cardenas's California conviction involved a weapon that falls within the purview of section 241(a)(14). This contention lacks merit.
 
 
 5
 In a deportation proceeding, the INS has the burden of proving deportability by clear, unequivocal and convincing evidence. Woodby v. INS, 385 U.S. 276, 286 (1966). On petition for review, this court must determine whether there is reasonable, substantial and probative evidence in the record as a whole to support the BIA's conclusion that the INS successfully carried its burden in proving deportability. See Gameros-Hernandez v. INS, 883 F.2d 839, 841 (9th Cir.1989). Under the substantial evidence standard, "the BIA's conclusion, based on the evidence presented, [must] be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quotations omitted).
 
 
 6
 The version of section 241(a)(14) applicable here provides that an alien is deportable who:
 
 
 7
 at any time after entry, shall have been convicted of possessing or carrying in violation of any law any weapon which shoots or is designed to shoot automatically or semi-automatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun.[3]
 
 
 8
 The record of conviction has generally been held to consist of the charge, the indictment, the plea, the verdict and the sentence. Hirsch v. INS, 308 F.2d 562, 564 (9th Cir.1962); In re Mena, 17 I. & N.Dec. 38, 39 (1979).
 
 
 9
 Here, the record of conviction submitted by the INS includes certified copies of: (1) the misdemeanor complaint charging, in relevant part, a violation of California Penal Code, section 12025(a), carrying concealed within a vehicle, an unlicensed "pistol, revolver and firearm, to wit, 9mm Colt automatic pistol;" and (2) the municipal court docket sheet reflecting, in relevant part, Galvan-Cardenas's plea of guilty as charged. The IJ concluded that there was insufficient evidence that Galvan-Cardenas had been convicted of possessing an automatic or semi-automatic weapon. The BIA disagreed, finding that the record of conviction states on its face that the weapon was an "automatic."
 
 
 10
 There is substantial evidence in the record to support the BIA's finding of deportability under section 241(a)(14) because the record of conviction states that Galvan-Cardenas plead guilty to possession of a "9mm Colt automatic pistol."[4] Thus, the BIA properly found Galvan-Cardenas statutorily ineligible for voluntary departure under section 244(e)(1) as an alien deportable under section 241(a)(14).
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Galvan-Cardenas was charged with entering the United States for the purpose of immigrating without the proper documentation
 
 
 [2]
 On appeal, the INS contended that it established deportability under section 241(a)(14) by clear, unequivocal and convincing evidence and that the IJ erred as a matter of law by granting voluntary departure. In the alternative, the INS argued that the IJ abused its discretion by granting Galvan-Cardenas's request for voluntary departure because he lacks good moral character as defined in section 101(f)(6)
 
 
 [3]
 Section 241(a)(14) of the Immigration and Nationality Act was amended and now appears in section 241(a)(2)(C), 8 U.S.C. Sec. 1251(a)(2)(C). Pub.L. No. 101-649, 104 Stat. 4978 (Nov. 29, 1990). Reference to this statute in this opinion will be to the former version, as the 1990 amendments apply to deportation proceedings for which notice was given on or after March 1, 1991. Galvan-Cardenas was given notice on April 13, 1988
 Previous amendments to section 241(a)(14) in 1988 expanded the section to include any weapon as defined in 18 U.S.C. Sec. 921(a)(3)(4). Pub.L. No. 100-690, 102 Stat. 4473 (Nov. 18, 1988). This case is not affected by the 1988 amendments because the amendments are applicable only to convictions on or after November 18, 1988 and Galvan-Cardenas was convicted in January 1986.
 
 
 [4]
 Although the complaint identifies the weapon as a "9mm Colt automatic pistol," the term "automatic" is often used to refer to a semi-automatic. See United States v. Anderson, 885 F.2d 1248, 1250 n. 3 (5th Cir.1989)