92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel John Robert WHITE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70461.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel John Robert White, a native and citizen of Canada, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision ordering White deported to Bermuda and denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 White contends that he is not deportable for a crime of moral turpitude prior to entry because his Canadian conviction did not involve moral turpitude. White further contends that his Canadian conviction was invalid because the presiding judge was his political enemy, and the conviction was a pretext for political persecution. Finally, White contends that he is not deportable because he may have dual citizenship in Canada and the United States.
 
 
 4
 We review de novo whether the statutory basis for a conviction constitutes a crime of moral turpitude. Goldeshtein v. INS, 8 F.3d 645, 647 n. 4 (9th Cir.1993). "[C]rimes in which fraud [i]s an ingredient have always been regarded as involving moral turpitude." Jordan v. De George, 341 U.S. 223, 232 (1951).
 
 
 5
 Here, the record indicates that White was convicted for criminal fraud on February 9, 1983.[1] Because fraud is an element of the crime, it involves moral turpitude. See McNaughton v. INS, 612 F.2d 457, 459 (9th Cir.1980) (per curiam). Accordingly, the IJ did not err by determining that White is deportable because he was excludable at entry for his conviction of a crime involving moral turpitude. See 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1251(a)(1)(A); see also Ortega de Robles v. INS, 58 F.3d 1355, 1358 (9th Cir.1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings.").[2] Moreover, because White failed to make a non-frivolous showing of United States citizenship, the IJ properly dismissed White's claim of dual citizenship. See 8 U.S.C. § 1105a(a)(5)(B) (stating that only non-frivolous claims of citizenship merit de novo hearings in district court).
 
 
 6
 White contends that he is eligible for asylum and withholding of deportation based upon his past persecution in Canada on account of his support for the Progressive Conservative Party. White fears detention and continued persecution if deported to Canada, and believes that the Liberal Party would bring additional criminal charges against him as a pretext for political persecution.
 
 
 7
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 8
 The IJ found that White's claim was not credible because his testimony was evasive and conclusory. The IJ also noted that White refused to answer a number of questions, and that he appeared to have a "very vivid imagination." Finally, the IJ determined that White's testimony regarding his places of residence was internally inconsistent.
 
 
 9
 Because White's conclusory statements and evasive testimony went to the heart of White's asylum claim, the IJ properly found that he failed to demonstrate a credible claim of persecution. See Berroteran-Melendez, 955 F.2d 1251, 1256-57 (9th Cir.1992). Moreover, we decline to "second guess" the IJ's finding that White's claim was not credible because he was evasive and refused to respond to proffered questions. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985) (noting that "[a]n [IJ] alone is in a position to observe an alien's tone and demeanor").
 
 
 10
 Because the IJ's negative credibility finding was supported by substantial evidence, White necessarily failed to provide sufficient evidence to support his claim for asylum or withholding of deportation. See Berroteran-Melendez, 955 F.2d at 1257-58.
 
 
 11
 White's remaining contentions lack merit.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The jury found that White "did by deceit, falsehood or other fraudulent means defraud [the owners] of real property ..., contrary to the Criminal Code."
 
 
 [2]
 Because we find White deportable based on his conviction, we decline to consider the additional ground of deportation