**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

OGUNDECKO BABAFUNMI,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 99-2312

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A28-290-019)

Submitted: March 10, 2000

Decided: March 31, 2000

Before NIEMEYER, MICHAEL, and KING,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

David Goren, Silver Spring, Maryland, for Petitioner. David W.
Ogden, Acting Assistant Attorney General, Emily Anne Radford,
Senior Litigation Counsel, Michelle E. Gorden, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ogundecko Babafunmi, a resident alien, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). In 1990, Babafunmi pled guilty to federal charges of unlawfully and knowingly possessing document-making implements with the intent to produce false identification documents, in violation of 18 U.S.C.A. § 1028(a)(5) (West Supp. 1999). In early 1999, Babafunmi was detained by the Immigration and Naturalization Service ("Service") after attempting to reenter the United States after a trip home to his native country of Nigeria. Babafunmi faces removal for having been convicted of a crime of moral turpitude under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C.A. § 1182(a)(2)(A)(i)(I) (West 1999).*

Babafunmi contends that he was not convicted of a crime of moral turpitude. Although he admits to having possessed the document-making implements, he claims that he had no intention of using them and that there was no evidence that he intended to defraud the Government. Whether a crime involves moral turpitude within the meaning of the immigration statutes is a legal issue and is therefore subject to de novo review. We give "due deference to the BIA's interpretation of the deportation statute," Cabral v. INS , 15 F.3d 193, 194 (1st Cir. 1994), provided it is "based on a permissible construction of the statute." Akindemowo v. INS, 61 F.3d 282, 284 (4th Cir. 1995) (citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984)).

_____

*We uphold the Board's determination that Babafunmi was an arriving alien. Under 8 U.S.C.A. § 1101(a)(13)(C)(v) (West 1999), a permanent resident alien who has committed an offense identified in § 1182(a)(2) is regarded as seeking admission to the United States.

2

Section 1028 is entitled "Fraud and related activity in connection with identification documents and information." A conviction under 18 U.S.C.A. § 1028(a)(5) (West Supp. 1999) involves the possession of a document-making implement "with the intent such document-making implement will be used in the production of a false identification document." We find that the Board reasonably concluded that a violation of § 1028(a)(5) is a crime of fraud. Crimes of fraud have generally been held to involve moral turpitude. See Jordan v. De George, 341 U.S. 223, 228-29 (1951); Winestock v. INS, 576 F.2d 234, 235 (9th Cir. 1978); Lozano-Giron v. INS , 506 F.2d 1073, 1076 (7th Cir. 1974); Matter of Jimenez, 14 I. & N. Dec. 442 (BIA 1973). Accordingly, we uphold the Board's finding that Babafunmi was convicted of a crime of moral turpitude.

Because we determine that Babafunmi is an alien convicted of a crime involving moral turpitude, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 ("IIRIRA") divests this court of subject matter jurisdiction over his case. See 8 U.S.C.A. § 1252(a)(2)(C) (West 1999); Lewis v. INS, 194 F.3d 539, 542-43 (4th Cir. 1999); Hall v. INS, 167 F.3d 852, 854 (4th Cir. 1999) (applying the IIRIRA's transitional rules).

Accordingly, we dismiss the petition for judicial review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3