**Altamir SOUZA, Plaintiff–Appellant,**

v.

**John ASHCROFT, Attorney General, et al., Defendants—Appellees.**

No. 01–16578.
D.C. No. CV–00–04246–MMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.*

Decided Dec. 2, 2002.

Before LAY, FERGUSON and TALLMAN, Circuit Judges.

MEMORANDUM**

Petitioner–Appellant Altamir Porfirio De Souza ("Souza") appeals the District Court's grant of summary judgement in favor of Attorney General John Ashcroft ("the INS"). On appeal, Souza asserts that the District Court erred in upholding the INS's denial of Souza's application for naturalization based on the conclusion that his conviction for aiding and abetting the sale of a false or counterfeit social security card constituted a crime of moral turpitude.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The parties are familiar with the factual background and procedural history of the case, therefore we do not repeat them here. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. For the reasons discussed below, we **AFFIRM.**

To be eligible for naturalization, an alien must demonstrate that, during the five years immediately preceding the filing of his application, he "has been and still is a person of good moral character." 8 U.S.C. § 1427(a)(3) (2000); *See* 8 C.F.R. § 316.10(a)(1) (2000). Under the Immigration and Nationality Act ("INA"), an applicant for naturalization cannot demonstrate that he is a person of "good moral character" if, during the relevant statutory period, he has been convicted of a crime involving moral turpitude. 8 U.S.C. § 1101(f)(3) (1999) (cross-referencing 8 U.S.C. § 1182(a)(2)(A)(i)(I)). A "crime in which fraud is an ingredient involves moral turpitude." *Jordan v. De George*, 341 U.S. 223, 227, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

In the instant case, Souza was convicted of aiding and abetting a sale of a false or counterfeit social security card under 42 U.S.C. § 408(a)(7)(C)[1] and 18 U.S.C. § 2.[2] Although § 408(a)(7)(C) does not explicitly include intent to defraud as an element of the crime, fraud is inherent in the crime as there is an intent to pass off counterfeit items as genuine. *See Winestock v. INS*, 576 F.2d 234, 235 (9th Cir.1978). Moreover, it involves the deliberate deception of the government and impairment of its functions. *See Matter of Flores*, 17 I. &

N. Dec. 225, 230 (1980) (citation omitted), *quoted in Beltran–Tirado v. INS*, 213 F.3d 1179, 1184–85 (9th Cir.2000). In short, § 408(a)(7)(C) involves a crime of moral turpitude, therefore the District Court was correct to grant summary judgement, upholding the INS's denial of naturalization. The judgement is **AFFIRMED.**

---

1. 42 U.S.C. § 408(a)(7)(C) provides that whoever:

> knowingly alters a social security card issued by the Commissioner of Social Security, buys or sells a card that is, or purports to be, a card so issued, counterfeits a social security card, or possesses a social security card or counterfeit social security card with intent to sell or alter it [shall be guilty of a felony.]

42 U.S.C. § 408(a)(7)(C) (1999).

2. 18 U.S.C. § 2 provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2 (2000).

