Gurbax Singh **CHANDI**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71318.

Agency No. A38–796–772.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Nancy E. Friedman, Esq., Deborah N. Misir, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Gurbax Singh Chandi, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals affirming without opinion the Immigration Judge's ("IJ") decision removing him from the United States because of his convictions under Cal.Penal Code §§ 488, 496a, 8 U.S.C. § 1160(b)(7)(A)(ii), and 18 U.S.C. § 371. We lack jurisdiction over the merits of this petition for review pursuant to 8 U.S.C. § 1252(a)(2)(C).

Section 1252(a)(2)(C) deprives this court of jurisdiction over a petition for review from an alien "who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct[.]" 8 U.S.C. § 1227(a)(2)(A)(ii). Chandi's convictions for petty theft, receipt of stolen property, and conspiracy to create and supply false immigration documents are all crimes involving moral turpitude. *See United States v. Esparza–Ponce,* 193 F.3d 1133, 1136 (9th Cir.1999) (petty theft); *McNaughton v. INS,* 612 F.2d 457, 459 (9th Cir.1980) (per curiam) ("crime having as an element the intent to defraud clearly is one involving moral turpitude"); *Wadman v. INS,* 329 F.2d 812, 814 (9th Cir. 1964) (receipt of stolen goods). Accordingly, we dismiss the petition for review in part. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1064–67 (9th Cir.2003).

Chandi's contention that the IJ denied him due process by admitting documents concerning his 1988 federal conviction lacks merit because Chandi failed to indicate how the admission of these documents prejudiced him. *See Cuadras v. INS,* 910 F.2d 567, 573 (9th Cir.1990) ("In a [removal] hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a 'full and fair hearing.' . . . However, such a hearing is denied only if the error complained of causes the alien to suffer some prejudice.").

PETITION FOR REVIEW DISMISSED in part, and DENIED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.