Magdalena Ester SALAS–MENDOZA, aka Magdalena Schwartz, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70766.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed July 18, 2007.

T. Anthony Guajardo, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, District Director, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., Aviva L. Poczter, Esq., U.S. Department of Justice Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

MEMORANDUM *

Magdalena Ester Salas–Mendoza, a native and citizen of Chile, petitions for review of a decision of the Board of Im-

migration Appeals (BIA) affirming an Immigration Judge's (IJ) decision denying her applications for adjustment of status, voluntary departure, and waiver of inadmissibility. We grant the petition and remand to the BIA for further proceedings.

Among the grounds for which the BIA concluded Salas–Mendoza was deportable was former INA § 241(a)(2)(A)(ii), now codified at 8 U.S.C. § 1227(a)(2)(A)(ii). The BIA believed both her prior convictions were crimes involving moral turpitude under the categorical approach. Salas–Mendoza's conviction for making and using a false document in violation of 18 U.S.C. § 1001, however, is not a categorical fit for that status, see *Hirsch v. INS*, 308 F.2d 562, 567 (9th Cir.1962), and the government has failed to offer any argument applying the modified approach. Because her federal conviction does not qualify as a crime involving moral turpitude, we do not reach the question whether her state conviction qualifies.

Likewise, because Salas–Mendoza is not deportable under former INA § 241(a)(2)(A)(ii), we do not reach her due process claims.

PETITION GRANTED AND REMANDED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.