Raquel **HERNANDEZ–PEREZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 06–71656.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed July 23, 2007.

---

Manuel F. Rios, III, Esq., Rios Cantor, PS, Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Raquel Hernandez–Perez, a Mexican national, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) determination that because Hernandez–Perez was previously convicted of a crime involving moral turpitude, she is ineligible for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

Hernandez–Perez pled guilty in 2005 to violating Oregon Revised Statute § 165.022, criminal possession of a forged instrument in the first degree, which prohibits the possession of a forged instrument, including a public record such as the forged resident alien card, "knowing it to be forged and with intent to utter same." Or.Rev.Stat. § 165.022; *see id.* § 165.013. We conclude that § 165.022 is not categorically a crime of moral turpitude, because the "intent to ... defraud" is not a necessary element of criminal possession of a forged instrument in the first degree. Rather, Oregon has explicitly provided that uttering a forged instrument "with intent to defraud" is punishable as forgery. *Compare* Or.Rev.Stat. § 165.022, *with* Or. Rev.Stat. §§ 165.007(1) ("A person commits the crime of forgery in the second degree if, with intent to injure or defraud, the person ... [u]tters a written instrument which the person knows to be forged."), 165.013 (providing that a person commits the crime of forgery in the first degree by uttering a particular form of written instrument, including public records, which the person knows to be forged, with the intent to injure or defraud).

Given this facial distinction between criminal possession—the crime of conviction—and forgery, we cannot accept that an intent to defraud is categorically "implicit in the nature of the crime" charged under § 165.022. *Winestock v. INS,* 576 F.2d 234, 235 (9th Cir.1978). Had Hernandez–Perez actually uttered the forged resident alien card with intent to defraud, she presumably would have been charged under § 165.013. Moreover, one can certainly utter (*i.e.,* use, as in "publish") a forged document without intending to defraud someone. For example, when the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bearer shows a forged resident alien card that is in all other respects truthful as to name, date of birth and current address to prove to a bartender that she is old enough to buy a drink legally, no intent to defraud has occurred. *See Matter of Serna,* 20 I. & N. Dec. 579, 586 (BIA 1992) (stating that mere possession of a counterfeit immigration document insufficient to constitute a crime of moral turpitude because "[c]ircumstances may exist under which the [petitioner] might not have had the intent to use the altered immigration document in his possession unlawfully").

Therefore, absent judicially noticeable evidence that Hernandez–Perez intended to utter her forged resident alien card with the intent to defraud, her prior conviction does not qualify as a crime of moral turpitude. *See Hirsch v. INS,* 308 F.2d 562, 567 (9th Cir.1962); *see also Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1165–66 (9th Cir.2006) (citing *Hirsch* and stating that "this circuit's precedent generally requires 'willfulness' or 'evil intent' in order for a crime to be classified as one involving moral turpitude"). Under the modified categorical approach, however, the government has not established that Hernandez–Perez pled guilty to a fraudulent use of her card, because the information she pled to simply tracked the language of § 165.022. We cannot discern from the record whether Hernandez–Perez intended to utter the card for the purpose of deceiving immigration officials, which would be a crime involving moral turpitude; or, for example, to prove to a bartender that she was born in 1969 and may lawfully drink alcohol, which would not.

PETITION GRANTED; REMANDED to the BIA for further proceedings.

RYMER, Circuit Judge, dissenting:

I dissent because an intent to defraud is inherent in the *use* of a forged identification. *See, e.g., Winestock v. INS,* 576 F.2d 234, 235 (9th Cir.1978). No matter how Hernandez–Perez used the false identification—whether to prove her lawful residence in this country or to buy beer—she was misrepresenting her identity to those who received the forged temporary resident alien card. Just as passing counterfeit notes into circulation dilutes the value of the genuine article and undercuts faith in the currency, utilizing a forged identification undermines the efficacy of the identification regime. *See, e.g., In re Flores,* 17 I. & N. Dec. 225, 229 (1980).