**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO RAZO LUVIANO, | No. 13-73544 |
| Petitioner, | Agency No. A095-733-866 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued June 7, 2017; Resubmitted June 22, 2017
Pasadena, California

Before:  GRABER and MURGUIA, Circuit Judges, and BOLTON,** District Judge.

Petitioner Alfonso Razo Luviano seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") order

finding Petitioner removable and ineligible for cancellation or voluntary departure.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

The agency ruled that his 2007 conviction under California Penal Code ("Cal. P.C.") § 470b and his 2009 conviction under Cal. P.C. § 484 both constitute crimes involving moral turpitude. Petitioner argues that we should grant his petition because his conviction under Cal. P.C. § 470b is not a crime involving moral turpitude and his conviction under Cal. P.C. § 484 qualifies for the petty offense exception.[1] He also argues that it was an abuse of discretion for the IJ to deny his motion for a continuance to allow his wife—who was then a lawful permanent resident—to file a visa petition on his behalf.

We have jurisdiction to review constitutional claims or questions of law pursuant to 8 U.S.C. § 1252(a)(2)(D). We review de novo the BIA's interpretation of Petitioner's statute of conviction. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc). "[O]nce the elements of the petitioner's offense are established," we review "the BIA's determination that such offense constitutes a 'crime involving moral turpitude' [under] the same traditional principles of administrative deference we apply to the Board's interpretation of other ambiguous terms in the INA." *Id.* at 911. Because the BIA's decision in this case is neither precedential nor based on controlling precedent, we "defer to the BIA's

---

[1] Petitioner argued for the first time at oral argument that his conviction under Cal. P.C. § 484 does not constitute a crime involving moral turpitude and that we should therefore consider whether the petty offense exception applies to his § 470b conviction. Petitioner never raised these arguments before the IJ or the BIA, so we lack jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1).

determination only to the extent that it has the power to persuade (i.e. *Skidmore*[2] deference)." *Latter-Singh v. Holder*, 668 F.3d 1156, 1160 (9th Cir. 2012).

1. Petitioner's conviction under Cal. P.C. § 470b constitutes a crime involving moral turpitude because § 470b requires the intent to commit forgery as an element. Although Petitioner argued that he was convicted for the mere possession of a forged driver's license, the text of the statute makes clear that one must display or possess the forged license "with the intent that such driver's license or identification card be used to facilitate the commission of any forgery" to be convicted. Cal. Penal Code § 470b (2007). Forgery has long been held to be a crime of moral turpitude. *Morasch v. INS*, 363 F.2d 30, 31 (9th Cir. 1966). We have held that crimes which necessarily include the intent to commit a crime involving moral turpitude, such as an attempt or conspiracy, themselves constitute crimes involving moral turpitude. *See McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980) (per curiam). Because an element of Petitioner's conviction under Cal. P.C. § 470b is the intent to commit forgery, his conviction constitutes a crime involving moral turpitude.

2. Petitioner is not eligible for the petty offense exception for his conviction under Cal. P.C. § 484[3] because the petty offense exception applies only to aliens

---

[2] *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).
[3] Petitioner never disputed before the IJ, the BIA, or in his brief that his conviction under Cal. P.C. § 484 constitutes a crime involving moral turpitude.

3

who have committed only one crime involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Because Petitioner's convictions under Cal. P.C. §§ 470b and 484 both constitute crimes involving moral turpitude, he is ineligible for the exception.

3. We lack jurisdiction to consider Petitioner's argument that the IJ or the BIA should have granted a continuance for his wife to file a visa petition now that she is a citizen because Petitioner never raised her new citizenship status below. *See* 8 U.S.C. § 1252(d)(1). Therefore, we review the decision to deny the continuance based on the information that was before the IJ and BIA. "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991) (per curiam). Neither the IJ nor the BIA abused its discretion by denying the requested continuance because Petitioner could not show that a petition had been filed at the time of his request or appeal, and no visa would have been immediately available even if it had.

**Petition DENIED.**